**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**KATINA VON NEWMAN KING,**

       **Plaintiff,**

                                     **Civil Action No. 3:23-cv-00216**

**v.**

**THE CITY OF HUNTINGTON,**
**WV, HUNTINGTON POLICE DEPARTMENT,**
**STEVE WILLIAMS,**

       **Defendants.**

**<u>PROPOSED FINDINGS AND RECOMMENDATION</u>**

       Pending before the Court is the Plaintiff's ***<u>Application to Proceed Without Prepayment of Fees and Costs</u>*** (ECF No. 1). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4) Having examined the "Complaint"[1] (ECF No. 10), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

---

[1] In keeping with the undersigned's practice to allow *pro se* litigants to amend their complaints when upon initial review there appears no cognizable claim for relief, the undersigned entered an Order on March 22, 2023 directing the Plaintiff to amend her Complaint to specify how each defendant's actions or omissions deprived her of her legal rights and to plead with more particularity (ECF No. 7). In accordance with the Order, the Plaintiff filed her Amended Complaint on April 7, 2023 (ECF No. 8), and then filed a second amended Complaint on April 10, 2023, which purports to correct minor typographic errors (ECF No. 10 at 1). For the sake of simplicity, the undersigned only addresses the Plaintiff's second amended Complaint in this Proposed Findings and Recommendation.

[2] Because the Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

## FACTUAL ALLEGATIONS

In support of her amended Complaint(s), the Plaintiff alleges federal question as the basis for this Court's jurisdiction, specifically, for "color of law crimes/human rights" issues (ECF No. 8 at 3). The Plaintiff alleges that since moving back to Huntington, West Virginia from Morgantown, West Virginia, in July 2022, she has "been continuously stalked, harassed and my privacy invaded on a daily basis." (ECF No. 10 at 2) The Plaintiff asserts that certain Huntington Police Department patrol cars, bearing numbers 217, 214, and 114, have been following her, including a Huntington Police Department "silver Dodge Ram", and "a couple of EMS trucks as well." (Id.) The Plaintiff indicates that "[s]ome of the same stalkers from before I moved to Morgantown picked up where they left off when I moved back to Huntington. Because my first case was never investigated I wasn't able to find out all involved." (Id.)

The Plaintiff alleges that Steve Williams, Mayor of Huntington, "should have made sure his officers and city employees stopped the stalking and harassment as agreed in the mediation agreement of court CASE NO. 3:19-CV-00075." (Id.) She further alleges that

> I know for a fact Steve Williams was personally involved in the stalking between Feb. 2017 and March 2017. He referred to me as an interesting exercise. I believe that he decided to make me and my family personal property of the city to be violated, stalked, harassed, privacy invaded, and every aspect of my life to be gang raped 24 hours a day 365 a year by anyone the City partnered with. I believe he sold me and my family like livestock and everyone involved in the invasion of my privacy profited in some way. I believe of the jobs created in Huntington, I was one of them. The stalkers seemed to work in shifts. They go to work and I'm the job. Making another human property without permission or consent is a form of slavery.

The Plaintiff states that she went to visit the City Attorney to get the harassment and stalking to stop and had a secretary make her a copy of the Mediation Agreement, and warned that she was going to file suit unless the City discuss the matter with her, however, nobody from the

City Attorney's office contacted her. (Id. at 3)

In addition, the Plaintiff alleges:

I have been shot at. I have been robbed. I have been violated in my sleep. I go outside on my porch and they ride by like I'm an animal in a zoo exhibit. I leave my home and they go in it. My clothes and shoes and belongings have been replaced with knockoffs or bad replicas as well as my grandmothers things.

(Id.) For relief, the Plaintiff asks for $100,000,000, tax free, which represents the amount she sought in her original civil action, Case No. 3:19-cv-00075. (Id.) She states that the Mediation Agreement has been breached by the ongoing stalking and harassment by the Defendants and asks this Court to reopen that case and refer it for federal investigation "on all criminal allegations of crimes committed against me." (Id.) She also asks for "a list of all individuals who were allowed to follow me and invade my privacy as well as how the knowledge of my whereabouts would be obtained"; "all surveillance in my home and vehicle be disconnected immediately"; and "an apology." (Id.)

## THE STANDARD

As noted *supra*, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. Although the standards for screening pursuant to Section 1915A and

a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye" when examining whether a complaint rests on a meritless legal theory. Nancy v. Kelly, 912 F.2d 605, 607 (2nd Cir. 1990). A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[3], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the

---

[3]  Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

"courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

## <u>ANALYSIS</u>

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[4]

---

[4] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

As noted *supra*, while the Plaintiff alleges federal question as the basis for this Court's jurisdiction, this is merely a civil suit for breach of contract (which the Plaintiff has explicitly alleged) and a species of harassment/stalking, however, these claims do not relate to any federal law, treaty or provision of the U.S. Constitution. Accordingly, this Court would not have jurisdiction over the Plaintiff's claim pursuant to Section 1331. Additionally, the Plaintiff's claim has no relation to Section 1332, which requires complete diversity of citizenship between the adverse parties. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.; see also, Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998)("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F. Supp. 82, 85 (N.D.W. Va. 1995). For purposes of diversity jurisdiction, an individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F. Supp. 345 (S.D.W. Va. 1983). The Plaintiff alleges that the Defendants are residents of West Virginia, like herself. Accordingly, this Court would be deprived of jurisdiction under Section 1332.

Because the Plaintiff has alleged breach of contract as the primary basis for her Complaint, to the extent that she asks this Court to reopen her initial civil action, this is a state law-based claim for which this Court should not exercise its supplemental jurisdiction given that there is no

---

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

6

plausible federal claim. See, e.g., <u>McCrimmon v. Mariner Finance North Carolina, Inc.</u>, 154 F.Supp.3d 256 (M.D.N.C. Jan. 5, 2016). As noted *supra*, a federal district court only exercises jurisdiction as authorized by the Constitution and statute, the Supreme Court has held that federal courts lack jurisdiction over claims for breach of contract, where part of the consideration for which was dismissal of an earlier federal suit. See <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); see also, <u>Fairfax Countywide Citizens Ass'n v. Fairfax County, Va.</u>, 571 F.2d 1299, 1305 (4th Cir. 1978) ("settlement agreement which was not incorporated into prior order of dismissal was nothing more than a private contract between the parties, and district court which had authority to enter order vacating prior dismissal of action did not have jurisdiction to enter order enforcing settlement agreement where there was no independent basis for jurisdiction.").

In light of <u>Kokkonen</u> and its progeny, the Court notes that the Plaintiff's original civil action was ultimately dismissed with prejudice pursuant to an "Agreed Order of Dismissal" (See *Katina Von Newman v. Marshall University Police Department*, *et al.*, 3:19-cv-75, ECF No. 141); significantly, the agreed order included no terms indicating consent by any of the parties that this Court would retain jurisdiction. Prior to dismissal of that action, following successful mediation, the parties entered into a "Mediation Agreement", which was executed on July 9, 2020, and signed by the Plaintiff, her appointed counsel, and by the defendants' counsel of record. (<u>Id</u>., ECF No. 124) Of interest to the pending civil action, the defendants therein "agree[d] that they will not stalk or harass the Plaintiff and/or her family members" (<u>Id</u>., <u>Id</u>. at 1, ¶ 1). Additionally, the "Mediation Agreement" did not include any language or indicate that the parties intended that this Court should retain jurisdiction over the matter. Shortly after the "Mediation Agreement" was filed with this

Court, the Plaintiff sought to have the agreement set aside (Id., ECF Nos. 125, 128), however, this Court subsequently granted a joint motion filed by the defendants to enforce the settlement (Id., ECF Nos. 130), having found that the Plaintiff's second thoughts about the valid settlement agreement did not justify setting it aside (Id., ECF No. 139). Significantly, the Memorandum Opinion and Order did not incorporate the terms of the "Mediation Agreement", or note any of the parties' obligations to comply with the terms of the "Mediation Agreement", let alone that this Court would retain jurisdiction. (Id.) See, Smyth ex rel. v. Smyth v. Rivero, 282 F.3d 268, 282 (4th Cir. 2002) (citing Kokkonen, 511 U.S. at 381, 114 S.Ct. 1673). In short, because this Court did not expressly retain jurisdiction over the Plaintiff's prior action in its Order dismissing same, the Plaintiff's new allegations of breach of the settlement agreement do not confer jurisdiction.

Given that basic premises of federal jurisdiction are limited, the Plaintiff must affirmatively plead facts supporting jurisdiction. See Pinkley, Inc. v. City of Frederick, MD, 191 F.3d 394, 399 (4th Cir. 1999) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ("the party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleadings the facts essential to show jurisdiction"). The factual allegations presented here shows that this Court would also not have jurisdiction over the Plaintiff's claims pursuant to Section 1331. Specifically, the Plaintiff does not allege a violation of a federal statute or constitutional provisions. Viewing the Plaintiff's claims of harassment and/or stalking under West Virginia law,[5] the District Court cannot consider them under its supplemental jurisdiction because the Plaintiff has failed to state any other claim for which relief can be granted over which the

---

[5] While not explicitly stated, the Plaintiff's allegations seem to fall under the West Virginia statute concerning harassment, W. Va. Code § 61-2-9a (effective June 1, 2020 to May 1, 2023).

District Court has original jurisdiction.[6] In any event, the Plaintiff does not specifically identify any defendant who has "harassed" or "stalked" her, other than providing patrol car numbers, and merely provides vague and conclusory statements in support of these claims.[7] Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

Moreover, the remainder of the Plaintiff's statements or allegations are replete with "fantastic or delusional scenarios"[8], notwithstanding the fact that the Plaintiff utterly fails to substantiate her outlandish allegations with any facts supporting any cognizable claim for relief.[9]

---

[6] The District Court has supplemental jurisdiction over State law tort claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." United Mineworkers of America v. Gibbs, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (Citation omitted.)

[7] To the extent the Plaintiff alleges Steve Williams was "personally involved" in stalking her between February and March 2017 (See ECF No. 10 at 2), and that she is alleging federal question jurisdiction under a Section 1983 claim, this particular claim would be time-barred. "[A]ll claims filed in West Virginia pursuant to 42 U.S.C. § 1983 are personal injury actions governed by the two-year statute of limitations set forth in W. Va. Code § 55-2-12(b)." See Greene v. Putnam County Commission, 2022 WL 16859739, at *9 (S.D.W. Va. Nov. 10, 2022)(Chambers, J.) (quoting Rodgers v. Corp. of Harpers Ferry, S.E.2d 358, 362 (W. Va. 1988)).

[8] Neitzke at 327-328.

[9] A pleading that states a claim for relief must contain:
        (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
        (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
        (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Even attempting liberal construction of the Plaintiff's allegations is an exercise in futility –   from the undersigned's review, the Plaintiff recites statements that are "disconnected, rambling, and largely incoherent." See Kraim v. Virginia, No. 3:21-cv-00326, 2021 WL 3612305, at *2 (S.D.W. Va. Jul. 26, 2021) (Eifert, M.J.) (quoting Von Fox v. U.S. State Department, No. 2:16-cv-185-RMG-MGB, 2016 WL 11409536, at *4 (D.S.C. Feb. 16, 2016) ("The Complaint's allegations are, at best, difficult to follow. The Complaint's allegations are disconnected and nonsensical and appear to be the ramblings of a troubled mind."). Since the Plaintiff's Complaint lacks any basis in fact and law, the undersigned finds and concludes that this matter should be dismissed.

As an additional matter, notwithstanding the jurisdictional shortcomings presented in this case, it is further noted that while individuals have a statutory right pursuant to 28 U.S.C. § 1654 to prosecute their own cases *pro se* in federal courts, there is no concomitant right to pursue cases on behalf of others *pro se*. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); also see Faretta v. California, 422 U.S. 806, 825, 834, 95 S.Ct. 2525, 2536-41, 45 L.Ed.2d 562 (1975) (Stating that Section 1654 "guarantee[s] a choice between representation by counsel and the traditional practice of self-representation."); Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court . . ..) "The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." Myers, 418 F.3d at 400 (emphasis in original) (holding that generally a parent may not proceed *pro se* on behalf of his or her child); also see Osborne v. Bank of the United States, 22 U.S. 738, 6 L.Ed. 204 (1824) (A corporation can appear only by an attorney, while a natural person may

appear for himself.) The Fourth Circuit has explained that "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding that an individual may not proceed *pro se* on behalf of a class of plaintiffs); also see Guest v. Hansen, 603 F.3d 15, 20 (2nd Cir. 2010) ("The law contains so many esoteric pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person.").

In the instant case, the Plaintiff is acting *pro se*, and to the extent that she has filed this action on behalf of her family members, the law clearly prohibits this practice, accordingly, the undersigned also recommends that the District Judge dismiss the above action as it concerns the Plaintiff's alleged family members.

The Plaintiff also requests that the Court initiate criminal proceedings against the Defendants. It is well established, however, that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). The violation of a federal criminal statute does not provide for a private cause of action. United States v. Oguaju, 76 Fed.Appx. 579, 581 (6th Cir. 2003)(finding that the District Court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes); Hester v. West Virginia, 2008 WL 4298471, * 6 (S.D.W. Va. Sept. 18, 2008) ("no private right of action can be inferred from 18 U.S.C. §§ 241, 242") (Johnston, J.); and Powell v. Kopman, 511 F.Supp. 700, 704 (S.D.N.Y. 1981) (stating that 18 U.S.C. § 242, which is the criminal analogue to the Civil Rights Act, does not create a private right of action). Thus, the Plaintiff has no right to

initiate criminal proceedings against these Defendants. Young v. Herald, 2005 WL 1048117, * 8 (E.D.Ky. May 3, 2005) (the authority to initiate criminal complaints rests exclusively with state and federal prosecutors). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. See United States v. Batchelder, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979) (the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); Inmates of Attica Correctional Facility v. Rockefeller, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). Based on the foregoing, the undersigned finds that the Plaintiff's request that criminal proceedings be initiated against the Defendants should be denied.

Lastly, despite having allowed the Plaintiff to amend her Complaint, it simply is not salvageable even if permitted to amend, again, in the spirit of Denton v. Hernandez, *supra*.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **DENY** the Plaintiff's ***Application to Proceed Without Prepayment of Fees and Costs*** (ECF No. 1), **DISMISS** the Plaintiff's Complaint (ECF No. 10) and remove this matter from the Court's docket. The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of

the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

**ENTER**: May 2, 2023.



Omar J. Aboulhosn
United States Magistrate Judge