**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

KATINA VON NEWMAN KING,

               Plaintiff,

v.                                 CIVIL ACTION NO.  3:23-0216

THE CITY OF HUNTINGTON, WV,
HUNTINGTON POLICE DEPARTMENT,
STEVE WILLIAMS,

               Defendants.

**ORDER**

This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the Court dismiss the complaint and deny Plaintiff's application for prepayment of fees and costs.  Proposed Findings and Recommendation (PF&R), ECF No. 12. After successfully moving for an extension, Plaintiff filed both objections to the PF&R and a series of documentation to support of her claims. Request for Extension and Objection to PF&R, ECF No. 13; ECF Nos. 18, 21-22. Additionally, following the submission of objections, Plaintiff moved for this Court to appoint counsel. ECF No. 19.

The Court has undertaken a thorough review of the PF&R and the Objections, as well as pertinent material found elsewhere in the record. For the reasons below, the Court **DENIES** Petitioner's Objections (ECF Nos. 13, 18) and **ADOPTS AND INCORPORATES HEREIN** the

-1-

PF&R (ECF No. 12). Accordingly, the Court **DISMISSES** the complaint (ECF No. 10), **DENIES** Plaintiff's application to proceed without prepayment (ECF No. 1) and her motion to appoint counsel (ECF No. 19), and **DISMISSES** this action.

Plaintiff filed the initial complaint in this action on March 20, 2023. Compl. at 4, ECF No. 2. In it, she alleges the Huntington Police Department has harassed her and her family. *Id.* She further claims that pursuant to a settlement agreement in a prior case before this Court, the continued harassment and stalking constitute a breach of contract. *Id.* (citing *Katina Von Newman v. Marshall Univ. Police Dep't*, 3:19-cv-75). She alleges that she is entitled to $100 million because "that was the amount sought in [the] civil suit before settlement." *Id.* She also claims the basis for jurisdiction is federal question due to "color of law crimes / human and civil right violations." *Id.* at 3. Two days after the complaint was filed, the Magistrate Judge found that it lacked facts sufficient to state a claim. March Order at 2, ECF No. 7. The Magistrate Judge ordered that Plaintiff amend the complaint to remedy its deficiencies by April 7, 2023. *Id.* at 3.

On April 7, 2023, Plaintiff submitted an Amended Complaint, which she once again amended on April 10, 2023. Am. Compl. ECF No. 8; Second Am. Compl., ECF No. 10. In the amended complaints, Plaintiff states the same basis for jurisdiction but provides more detail as to some of the alleged stalking and harassment. Am. Compl. ECF No. 8; Second Am. Compl., ECF No. 10. She alleges that the Mayor of Huntington, Steve Williams, failed to ensure that law enforcement honored the settlement agreement and was "personally involved in the stalking." Second Am. Compl. at 2, ECF No. 10. She further claims she tried to seek assistance from the City Attorney about the matter, but he never contacted her back. *Id.* at 3. Finally, in addition to $100 million, the complaints request the following relief: 1) the reopening and investigation of case 3:19-cv-00075 in this Court, 2) a list of individuals who were "allowed to follow [Plaintiff]

and invade [her] privacy as well as how the knowledge of [her] whereabouts would be obtained";
3) all surveillance in her home and vehicle disconnected, and 4) an apology. *Id.*

Following these amendments, the Magistrate Judge entered the instant PF&R on May 2,
2023. ECF No. 12. In it, the Magistrate Judge finds that Plaintiff has pleaded insufficient facts to
establish federal jurisdiction, and the claims raised in the Second Amended Complaint lack any
basis in fact or law. *Id.* Further, insofar as Plaintiff seeks to assert claims on behalf of her family
members, the Magistrate Judge notes such claims are prohibited. *Id.* at 11. Finally, the Magistrate
Judge points out that Plaintiff improperly seeks to initiate criminal proceedings against the
defendants. *Id.* at 12.

Plaintiff filed a Request for Extension and Objection to the PF&R on May 16, 2023.
Objection to PF&R, ECF No. 13. There, Plaintiff requests an extension to allow her to retain an
attorney, obtain evidence from three cell phones and one tablet, "get cooperation from the
Huntington Police Department" in identifying the officers who allegedly stalked her, and obtain
evidence regarding alleged stalking and harassment from the Morgantown Police Department. *Id.*
Though she asks for an extension of time—presumably to file objections, Plaintiff also lists a
number of objections to the PF&R in this motion. *Id.* at 2. Specifically, she objects to 1) the finding
that there was no federal jurisdiction, 2) the characterization of the Second Amended Complaint
as "ramblings of a troubled mind," 3) any suggestion that she filed this action on behalf of family
members, and 4) the misconception that she was improperly seeking to initiate a criminal
procedure. *Id.* The Court granted Plaintiff's request for an extension via an Order entered on May
18, 2023. ECF No. 14.

Confusingly, after the submission of the PF&R recommending dismissal, the defendants
moved to dismiss the case. Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6),

ECF No. 16. In the Motion and corresponding memorandum of law, Defendants present the same basis for dismissal as the Magistrate Judge—lack of jurisdiction. Mem. of L. in Supp. of Defs.' Mot. to Dismiss, ECF No. 17. Shortly after Defendants filed the motion to dismiss, Plaintiff filed a document with evidence that allegedly further supports her claims. Resp., ECF No. 18. At the same time, she moved for the Court to "personally find and appoint an ethical attorney" to represent her. Request for J. Chambers to Handpick and Appoint an Attorney, ECF No. 19. On July 17, 2023, Plaintiff once again filed "additional documentation" to support her claims.  ECF Nos. 21, 22. This additional documentation includes a list of occasions in which Plaintiff allegedly called the Morgantown Police Department, an affidavit from an unknown individual, a newspaper article about Mayor Williams, a handwritten list of details about alleged stalking incidents, and photos of individuals allegedly stalking her. ECF Nos. 18, 21, 22. Finally, on July 31, 2023, Plaintiff filed what can be cast as additional objections to the PF&R, in which she argues that only one instance of breach of contract should be sufficient to support her claims. ECF No. 24.

The Court finds that Plaintiff's objections are without merit. Courts need not conduct a review of factual and legal conclusions to which a party does not object, *Thomas v. Arn*, 474 U.S. 140, 150 (1985), nor are they tasked with conducting *de novo* review of "general and conclusory" objections, *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). Where a party is proceeding pro se, however, the Court will liberally construe her pleadings and objections. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In examining the numerous filings in this case, the Court pays particular attention to facts and objections that bear on the jurisdictional issue, as that was the basis for the Magistrate Judge's recommended dismissal. In her objection as to jurisdiction, Plaintiff does not argue that the Court has either diversity or federal question jurisdiction. Request for Extension at 2, ECF No. 13. Rather, she contends that this Court should have jurisdiction to enforce the mediation agreement. *Id.* She alleges that because the Court had jurisdiction to enforce the agreement when she sought to have it set aside during the prior case, the Court should have jurisdiction to enforce the agreement in this instance as well. *Id.*

The Supreme Court has expressly rejected this type of jurisdiction—in *Kokkonen v. Guardian Life Insurance*, 511 U.S. 375 (1994), the Court held that "the concept of limited federal jurisdiction" did not permit "ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court." *Id.* at 380. Nor can this suit piggyback on jurisdiction from the prior one. *Id.* at 378 ("Enforcement of the settlement agreement, however . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."). Given that the Court did not retain jurisdiction in the previous settlement agreement, Plaintiff has failed to show diversity jurisdiction, and Plaintiff has not stated any claims arising under federal law, she has failed to show an independent basis for federal jurisdiction. Dismissal, therefore, is proper.

Because dismissal is predicated on lack of jurisdiction, the Court need not address Plaintiff's objections as to whether she is improperly filing on behalf of her family members or improperly seeking to initiate criminal proceedings against Defendants. Request for Extension, ECF No. 13. Plaintiff's objection as to the characterization of the complaint as "ramblings of a

troubled mind" is similarly immaterial and conclusory. *Id.* Accordingly, the Court rejects Petitioner's objections and finds in keeping with the PF&R.

Finally, the Court finds that appointing an attorney is not warranted. ECF No. 19. Because this is a civil case, Plaintiff is not constitutionally entitled to appointment of counsel. *Taylor v. Pulliam*, 679 F. App'x 264, 266 (4th Cir. 2017). While courts "may request an attorney to represent any person unable to afford counsel" in a civil case, 28 U.S.C. § 1915(e)(1),  they are not authorized to make coercive appointments of counsel, *Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 301-08 (1989). Nor does the statute appropriate any funds to pay a lawyer or reimburse expenses. 28 U.S.C. § 1915(e)(1). Accordingly, "judicial solicitation of the bar for free legal representation for a pro se party remains a matter within the discretion of the Court [and] a privilege and not a right." *Brooks v. Graziani*, No. 2:22-00353, 2023 WL 3152288, at *1 (S.D.W. Va. Feb. 1, 2023) (citations and internal quotations omitted).

A pro se party seeking the appointment of counsel must demonstrate "exceptional circumstances." *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Courts determining whether the circumstance is exceptional consider the following factors:

> (1) whether the plaintiff has presented a colorable claim, (2) the nature and complexity of the factual and legal issues, (3) the plaintiff's capability to present his own case, (4) the degree of factual investigation involved and the plaintiff's ability to investigate adequately crucial facts related to his claims, (5) the extent to which the case is likely to hinge on credibility determinations, and (6) whether expert testimony must be presented.

*Morgan v. Young*, No. 5:23-00101, 2023 WL 3549530, at *1 (S.D.W. Va. May 18, 2023) (citing *United States v. $27,000.00, More or Less in U.S. Currency*, 865 F. Supp. 339, 340-41 (S.D.W. Va. 1967)). Here, Plaintiff has not demonstrated an exceptional circumstance. She has, first and foremost, failed to present a colorable claim—notwithstanding the lack of jurisdiction, this Court agrees that the complaint contains "fantastic or delusional scenarios" such that it does not state a

-6-

cognizable claim for relief. PF&R at 9, ECF No. 12. Nor is this a particularly complex case or one that requires expert testimony. The Court therefore declines to grant Plaintiff the extraordinary remedy of soliciting counsel.

For the reasons above, the Court **DENIES** Petitioner's Objections (ECF No. 13) and **ADOPTS AND INCORPORATES HEREIN** the PF&R (ECF No. 12). The Court **DISMISSES** the complaint (ECF No. 10), **DENIES** Plaintiff's application to proceed without prepayment (ECF No. 1) and her motion to handpick and appoint an attorney (ECF No. 19), and **DISMISSES** this action.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented parties.

ENTER:          August 18, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE